To display the controversial subject matter of this action the acknowledged events need only to be summarized. The plaintiff and his wife were owners as tenants by the entirety of certain residential premises in the City of New Brunswick. Marital discord induced them to agree to separate. *Page 531 
Upon being reimbursed for her monetary contribution in the acquisition of the property, the wife joined the plaintiff in the execution of a deed vesting the legal title in one Angelina M. Smaldone for the beneficial ownership of the plaintiff.
In 1939 the plaintiff was advised to dislodge the legal title from Smaldone and to entrust it to another. On July 19, 1939, Smaldone pursuant to the request of the plaintiff conveyed the property to the defendant, Cynthia Wilson Eastmond, the plaintiff's daughter. On September 7, 1947, the plaintiff instructed his daughter to execute a conveyance of the property to his son, who similarly would hold the title for the plaintiff. The daughter has declined to comply. It is now her insistence that the conveyance of the premises to her was an absolute and unqualified gift.
Both the plaintiff and the defendant were intelligent and impressive witnesses, yet their testimony concerning the true character of the conveyance to the defendant was discordant and contradictory.
The truth, however, is exposed by the associated circumstances and occurrences. The potential reason actuating the plaintiff in depositing the title in another is recognizable. The marriage between the plaintiff and his wife has not been dissolved. The plaintiff has always been in possession of the premises. He has discharged all of the carrying charges including the amortization of the mortgage encumbrance. The deed to his daughter has always been in his possession. In fact she never saw the instrument until the day of the trial. Moreover, the defendant acknowledges that when her father first informed her that he desired her to transfer the title to his nominee, she promptly assented, but when later her brother presented the proposed deed to her for execution, she became exasperated by some of his remarks, and she decided to rebel.
In the absence of some written manifestation, an express trust is not enforceable. There are, however, cases such as the present one in which equity affords restorative relief through the formula of a constructive trust to prevent unjust enrichment. When property has been acquired in such circumstances *Page 532 
that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts the holder into a trustee. Moses v. Moses, 140 N.J. Eq. 575, 53 A.2d 805.
Judgment for the plaintiff.